UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Judith Y Williams,

    Plaintiff,

    v.                                             Case No. 2:14–cv–2655

Commissioner of Social Security,       Judge Michael H. Watson

    Defendant.

## ORDER

Judith Y. Williams ("Plaintiff") objects to the Report and Recommendation ("R&R") issued by Magistrate Judge Deavers in this social security case. For the following reasons, the Court overrules Plaintiff's objections and adopts the R&R.

Plaintiff applied for social security disability benefits and supplemental security income on January 23, 2012. The application was denied initially and upon reconsideration. Plaintiff attended a hearing by teleconference before an Administrative Law Judge ("ALJ") on June 11, 2013, and, in a subsequent decision, the ALJ determined Plaintiff was not disabled. Plaintiff filed suit in this Court on December 17, 2014, and Magistrate Judge Deavers thereafter issued an R&R that recommended overruling Plaintiff's statement of errors and entering judgment for the Commissioner of Social Security. R&R 18, ECF No. 21. Plaintiff objects. ECF No. 22.

## I. STANDARD OF REVIEW

Magistrate Judge Deavers issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## II. ANALYSIS

In her statement of errors, Plaintiff argued that: (1) the ALJ failed to consider the side effects of her medications; and (2) the ALJ failed to properly evaluate her impairment or combination of impairments and thus improperly determined that she did not meet Listings 12.03 and 12.06.

Magistrate Judge Deavers recommended overruling both of Plaintiff's contentions.

Plaintiff makes the following timely objections: (1) Magistrate Judge Deavers improperly found that Plaintiff failed to contest the ALJ's credibility finding; (2) substantial evidence does not support the ALJ's failure to incorporate Plaintiff's medications' side effects into the RFC determination; (3) Magistrate Judge Deavers improperly found that Plaintiff experienced only two episodes of decompensation; and (4) Magistrate Judge Deavers failed to address Plaintiff's argument that substantial evidence does not support the ALJ's mental RFC determination.

Plaintiff does not dispute the accuracy of the statement of facts provided by Magistrate Judge Deavers. R&R 1–11, ECF No. 21. Accordingly, the Court incorporates it herein.

**1. First Objection**

In her R&R, the Magistrate Judge found that Plaintiff did not challenge the ALJ's finding that Plaintiff was only partially credible. R&R 13, ECF No. 21 ("[T]he ALJ properly considered Plaintiff's allegations of her symptoms and medication side effects and concluded that they were only partially credible, a determination which Plaintiff does not challenge . . . ."). Plaintiff objects, arguing that, in her statement of errors, she "attacked the ALJ's exclusion of [her medications'] side effects and the reasons for excluding the side effects." Obj. 6, ECF No. 22. In doing so, Plaintiff argues, she attempted to challenge the ALJ's credibility finding.

Plaintiff's argument is not well taken. In her statement of errors, Plaintiff challenges only *whether* the ALJ considered the side effects of her medications. Specifically, Plaintiff argued that "[t]he effects of Ms. Williams' medications should have been factored into [the] residual capacity finding." Statement of Errors 10, ECF No. 14. Thus, Plaintiff simply argued that the ALJ did not consider—not how he considered—the medications' side effects. As Plaintiff did not raise the argument as to the ALJ's credibility determination before the Magistrate Judge in her statement of errors, the Court declines to consider it here. *See, e.g., Renchen v. Comm'r of Social Sec.*, No. 1:13–cv–752, 2015 WL 1097349, at *2 (S.D. Ohio Mar. 11, 2015) (issues raised for the first time in objections to a Magistrate Judge's

recommendation are deemed waived) (citing cases). Further, Plaintiff's argument in her objection belies her original contention. By arguing that the ALJ did not properly consider the evidence on objection, Plaintiff contradicts her original argument that ALJ failed to address that evidence.

For these reasons, Plaintiff's objection is overruled.

### 2. Second Objection

Plaintiff's next objection argues that the ALJ misstated Plaintiff's testimony regarding her medications' side effects and failed to consider medical records that document their side effects. Because the ALJ misstated her testimony and failed to consider related medical evidence, Plaintiff contends the ALJ's opinion cannot be based on substantial evidence.

The Court overrules this objection for two reasons. First, Plaintiff did not make this specific argument in her statement of errors; rather she argued that the ALJ failed to evaluate her medications' side effects as part of the residual functioning capacity finding. Thus, as the Court concluded as to Plaintiff's first objection, the Court finds Plaintiff's challenge waived because Plaintiff did not raise any challenges in her statement of errors as to the ALJ's actual evaluation of her medications' side effects.

Second, even if not waived, the merits of her argument are not well taken. Plaintiff first argues that the ALJ improperly made his own observation as to her medications' side effects at the hearing. Next, Plaintiff argues that the ALJ misrepresented her medical records that document her medications' side effects.

In his decision, the ALJ noted with regard to Plaintiff's psychological symptoms and medications' side effects that Plaintiff expressed difficulty concentrating and understanding instructions. The ALJ, however, also made his own determination with regard to Plaintiff's symptoms and medications' side effects based on his observations during the hearing. The ALJ concluded that Plaintiff was able to respond to questions without difficulty. Plaintiff has not provided any indication that she was not taking her prescribed medications the day of the hearing. ALJs are permitted to make their own observations. *See Harris v. Heckler*, 756 F.2d 431, 439 (6th Cir. 1985) ("The ALJ, however, should not ignore his own observations concerning the demeanor and actions of a disability claimant."). The testimony that Plaintiff cites in her objection for the purpose of demonstrating her difficulty concentrating at the hearing due to her medications' side effects does not discount the ALJ's own determination on the same. Thus, even if the Court were to concur with Plaintiff's argument that those instances appear to show that she had difficulty concentrating, the ALJ is nonetheless permitted to make his own observations. "Certainly an ALJ should not substitute his own observations for professional medical opinion of record. Nor should he use an arbitrary 'sit and squirm' index, which might place an undue emphasis upon claimant's ability to communicate the severity of his condition through non-verbal means." *Id.* In sum, Plaintiff's argument that the ALJ failed to recognize her medications' side effects is not well taken.

In addition, as the Magistrate Judge articulated, there were also medical records that indicate Plaintiff was stable when she complied with her medication

regimen, which she tolerated well. *See* R. 375, ECF No. 11-7. To this point, on objection, Plaintiff argues that the ALJ failed to consider her medical records and misstated her medical records assessing Plaintiff and her medications' side effects when the ALJ cited a report that stated Plaintiff was "doing well." This argument, however, is misplaced because the evidence that Plaintiff cites on objection actually *does conclude* that she did not suffer any side effects. *See* R. at 383, ECF No. 11-7 ("Does he/she take medications as prescribed? (check) Yes"; "Side Effects? No."). Further, Plaintiff's medical records include part of the record that Plaintiff claims the ALJ incorrectly cited, in which Plaintiff's doctor concluded on January 19, 2012 that she was: "Doing well. No SI/HI/AOD/Hall/Delusions/Paranoia/Sleeping well. Mood stable. Bright affect." R. 385, ECF No. 11-7. In sum, the Court finds that substantial evidence supports the ALJ's RFC determination with regard to the side effects of Plaintiff's medications.

Accordingly, the Court overrules this objection.

### 3. Third Objection

On objection, Plaintiff argues that the Magistrate Judge improperly determined that she only experienced two episodes of decompensation, rather than, as she argues, three episodes of decompensation. Even if Plaintiff had suffered three episodes of decompensation, the ALJ's finding of only two episodes does not change the outcome of this case. Accordingly, the Court finds Plaintiff's objection unavailing.

When the ALJ assessed Plaintiff's RFC, the ALJ assessed Plaintiff's functional limitations under the four criteria in paragraph B of listings 12.03 and 12.06—which are identical. Specifically, the ALJ assessed: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1. The ALJ needed to find two of these criteria applied to Plaintiff to find that she meets the required level of severity for her impairments to find her disabled. *See id.*

Magistrate Judge Deavers determined that the ALJ properly found that Plaintiff did not have marked impairments in either activities of daily living or maintaining social functioning, and Plaintiff does not object to those findings. Further, in her Statement of Errors, Plaintiff did not contest the ALJ's finding that she was able to maintain concentration, persistence, or pace. As such, even if the Court were to find in Plaintiff's favor as to one of the criteria (episode of decompensation), that finding would be insufficient to find that she met the required level of severity to qualify her as disabled under either Listing 12.03 or 12.06. Accordingly, the Court finds any error harmless and overrules Plaintiff's objection.

### 4. Fourth Objection

Plaintiff's fourth objection appears to be a general objection, in that she broadly contests the ALJ's finding that she is capable of performing past relevant work as a housekeeper. Plaintiff does not, however, develop this argument with any specificity. Accordingly, the Court overrules the objection. *Cook v. Donahoe*, No. 3:11–cv–132, 2013 WL 93663, at *4 (S.D. Ohio Jan. 8, 2013) ("[I]ssues adverted to

in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation omitted).

### III. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** for the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g) and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**